USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: ______
DATE FILED: 10/17/11

PRO SE OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV 6111 ( )

TASHENA AMPRATWUM; ERIC FISHER; FATIMA FISHER & RAHEEM FISHER & ETC
(TWO YEARS OLD) (TEN YEARS OLD)

*(In the space above enter the full name(s) of the plaintiff(s).)*

AMENDED *

**COMPLAINT**

**-against-**

CITY OF NEW YORK; NYPD AGENCY; CCRB AGENCY'S GRAHAM DAW-ESQ; BRONX COUNTY'S JUDGE ROBERT REEDS; LAW DEPARTMENT'S RACHAEL KISH-ESQ; Lt KENNY; Sgt PHILIP JIMENEZ; Sgt. CHRISTINE MELHORN; Sgt. MENENDEZ; P.O. DENISE EMANUEL; P.O. TURNAGE & P.O. VAGEAS.

Jury Trial: ☑ Yes ☐ No
(check one)

JURY TRIAL DEMAND

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMUNICATIONS UNIT
2011 OCT 17 PM 1:55

## I. Parties in this complaint:

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| Plaintiff | | |
|---|---|---|
| Name | TASHENA AMPRATWUM | ERIC FISHER |
| Street Address | 3051 GUNTHER AVENUE | 40 WEST 115 STREET #12A |
| County, City | BRONX | MANHATTAN |
| State & Zip Code | NEW YORK 10469 | NEW YORK 10026 |
| Telephone Number | (718) 679-6658 | (718) 679-6658 |

STATE OF NEW YORK
ATTORNEY GENERAL
MANAGING ATTNY'S OFC
RECEIVED
2011 OCT 17 PM 2:50

B. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name NEW YORK CITY LAW DEPARTMENT (MICHAEL CHESTN[illegible] (URIEL ABT)
Street Address 100 CHURCH STREET
County, City NEW YORK
State & Zip Code NEW YORK 10007
Telephone Number (212) 788-0991

Defendant No. 2

Name NEW YORK STATE ASST. ATTORNEY GENERAL (CHARLES F. SANDERS
Street Address 120 BROADWAY - 24th FLOOR
County, City NEW YORK
State & Zip Code NEW YORK 10271-0332
Telephone Number (212) 416-8594 / 8610

Defendant No. 3

Name ______
Street Address ______
County, City ______
State & Zip Code ______
Telephone Number ______

Defendant No. 4

Name ______
Street Address ______
County, City ______
State & Zip Code ______
Telephone Number ______

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? FALSE ARREST; FALSE IMPRISONMENT; PROPERTY DAMAGES; OBSTRUCTION OF EVIDENCE; FOIL VIOLATION; MISPRISON; NONFEASANCE AND WILLFUL FRAUD INORDER TO COVER-UP DEFENDANTS' CRIMINAL CONDUCT AGAINST PLAINTIFFS. 4th; 5th; 8th; 9th & 14 AMENDMENTS

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship ______

Defendant(s) state(s) of citizenship ______

**III. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? PLAINTIFFS' BRONX COUNTY HOME BRONX COUNTY'S 47th PRECINCT & BRONX COUNTY'S COURTHOUSE

B. What date and approximate time did the events giving rise to your claim(s) occur? BRONX COUNTY'S SETTLEMENT CONFERENCE (2-12-2011); JUDGE LIZBETH GONZALEZ'S DECISION (4-5-2011) JUDGE ROBERT REED'S DECISION (9-8-2011)

C. Facts: PLAINTIFFS DISCOVERED INSIDE BRONX COUNTY COURTHOUSE'S SETTLEMENT CONFERENCE (ON 2-12-2011) "VIA" JUDGE LIZBETH GONZALEZ'S DECISION DATED (4-5-2011) ABOUT HOW DEFENDANTS WILLFULLY COMMITTED FRAUD INORDER TO CONCEAL P.O. VAGEAS' & P.O. EMMANUEL'S CRIMINAL CONDUCT BY UNLAWFUL KICKING DOWN PLAINTIFFS' DOOR FOR NO LEGAL REASONS. INSIDE THE 47th PRECINCT THE PLAINTIFF WAS FALSELY ARRESTED AND FALSELY IMPRISONED BY DEFENDANTS. CRIMINAL CASE WAS DISMISSED AGAINST PLAINTIFF & FAMILY COURT CASE WAS DISMISSED AGAINST PLAINTIFF. JUDGE FERNANDO TAPIA'S DECISION DATED (9-23-2011) DISCONTINUED PLAINTIFF'S FALSE ARREST/FALSE IMPRISONED CIVIL CASE DUE TO S.D.N.Y. 11 CIV. 6111 (DSL). PLAINTIFF SUBMITTED DEFENDANTS' WILLFUL FRAUD TO JUDGE REED. JUDGE REED'S DECISION (9-8-2011) REJECTED PLAINTIFFS' EVIDENCE. PLAINTIFF SUBMITTED DEFENDANTS' WILLFUL FRAUD TO CCRB AGENCY'S GRAHAM DAW-ESQ WHO REJECTED PLAINTIFFS' EVIDENCE.

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

**IV. Injuries:** [CONSPIRCY CLAIMS] (FOIL VIOLATIONS FROM DEFENDANTS)

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. PROPERTY DAMAGES; FALSE ARREST; FALSE IMPRISONMENT; FRAUD; OBSTRUCTION OF EVIDENCE & FALSE ARREST STATUS PREVENTED PLAINTIFFS FROM BREAST FEEDING HER BABY.

**V. Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. (1) TWENTY MILLION DOLLARS PUNITIVE / COMPENSATION DAMAGES (2) PROPERTY DAMAGES CLAIM (3) FALSE ARREST & FALSE IMPRISONMENT CLAIM (4) OBSTRUCTION OF EVIDENCE CLAIM (5) CONSPRACY CLAIMS (6) FRAUD CLAIMS & (7) NON FEASANCE CLAIMS

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 17 day of OCTOBER, 2011.

PRO-SE TASHENA AMPATWUM / PRO-SE ERIC FISHER

Signature of Plaintiff [signatures]

Mailing Address 3051 GUNTHER AVE / 40 WEST 115 St 12A
BRONX NY 10469 / NY, NY 10026

Telephone Number (718) 679-6659 & 6658

Fax Number *(if you have one)* ____________________

**Note:** All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this _____ day of ________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: ____________________

Inmate Number ____________________

**Civil Court of the City of New York**
County of Bronx
Part 35, No. 2

Index Number CV-068081-10/BX
Motion Cal. # ______ Motion Seq. # ______

TASHEVA AMPRATWUM

Pro se Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

City of New York

Defendant(s)/Respondent(s)

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed | |
| Order to Show Cause and Affidavits Annexed | |
| Answering Affidavits | |
| Replying Affidavits | |
| Exhibits | |
| Other | |

Upon the foregoing cited papers, the Decision/Order on this Motion to ______ is as follows:

Pro se Plaintiff's motion to transfer is withdrawn.

Defendant - City of NY made its appearance and is unopposed to this motion.

The Clerk of the Court is directed to discontinue with prejudice this civil matter, as pro se plaintiff has a pending SDNY case under 11 Civ 6111 [DSL].

Both parties were given copies of this order.

FILED
CLERK'S OFFICE
SEP 23 2011
CIVIL COURT
BRONX COUNTY

This constitutes the Decision & Order of this Court.

Sept. 23, 2011
Date

Civil Court of the City of New York
SEP 23 2011
ENTERED
BRONX COUNTY

Judge, Civil Court
HON. FERNANDO TAPIA

CIV-GP-85 (Revised, September, 1999)



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**MICHAEL CHESTNOV**
Senior Counsel
Phone: (212) 788-0991
Fax: (212) 788-9776
mchestnov@law.nyc.gov

September 22, 2011

**BY HAND**
Honorable Denise L. Cote
United States District Judge
United States District Court
500 Pearl Street, Room 1610
New York, NY 10007

Re: Tashena Ampratwum, et al. v. City of New York, et al.
11-cv-06111 (DLC)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and represent defendants City of New York and New York City Police Department in the above-referenced matter.[1] I write to respectfully request that the time to answer or otherwise respond to the complaint be extended for sixty days, from September 22, 2011 until November 21, 2011. No previous request for an extension has been made in this matter and this request will not effect any other pending deadlines as the initial conference has not yet been scheduled. Plaintiff Tashena Ampratwum, who is proceeding *pro se*, does not consent to this request because she feels that this matter is merely an extension of a currently pending state matter and thus should not require extra time.

In addition to the City of New York and the New York City Police Department, plaintiffs also name the following City employees as defendants: Assistant Corporation Counsel Rachael Kish, Lt. Kenny, Sgt. Philip Jimenez, Sgt. Christine Melhorn, Sgt. Menendez, P.O.

---

[1] This case has been assigned to Assistant Corporation Counsel Uriel Abt, who is not yet admitted and is handling this matter under supervision. Mr. Abt may be reached directly at (212) 788-1298.

No previous request for an extension has been made in this matter by this office. For the foregoing reasons, we respectfully requests a sixty-day extension of time to answer or otherwise respond to plaintiffs' complaint, from September 22, 2011 until November 21, 2011.

I thank the court for its time and consideration of this request.

Respectfully submitted,

Michael Chestnov
Senior Counsel
Special Federal Litigation Division

cc: Tashena Ampratwum (by mail)
Eric Fisher
Fatima Fisher
Raheem Fisher
3051 Gunther Avenue
Bronx, NY 10458

911 [handwritten annotation, partially illegible]

```
************************ N. 07/20/09**************************
INCIDENT RECORD I BX    9    47D      T36      1347 D14 1352 M07290
10-52D6 SISTERS                        P5             HOSP|RMVD
ROUTING:D B       N     V          CCD           UF61          CC
3051 GUNTHER AVE
ADEE AVE - HAMMERSLEY AVE
FC VERNON                  6462250031
DUPLICATE JOB NUMBER  NONE
02  T36    1347 @DBLTNEXT*---NO WPNS---NO INJS---WILL MEET PD IFO
     LOC---SFC VERNON---CB 646-225-0031---ANI-ALI-6462250031 SPR
    INT PCS 3200-BAYCHESTER AVE S SECTOR COS:WPH2 LAT:040.874119
     LON:-073.838854 OPER 2446-CP36
0D  T36    1347 @*
05  D14A   1348 @*XMITTD------NUA
05  D14A   1352 @*......XMITTD....NUA
91  D14A   1352 47SP4 10-92F   1659 @*
12  D14A   1357 47SP4 10-84    1357 @*
12  D14A   1413 47SP4 10-85    1413 @*W 1 UNIT NO EMERG
11  D14A   1413 47F 10-98    1415 @*
91  D14A   1413 47H 10-98    1448 @*

                                          13AUG09 1339 LIVE
```

ENCL. 17A

13 D14A 1415 47F 10-98 ⌐1415 @*
12 D14A 1416 47H 10-84 ⌐1416 @*

05 T18 1418 @DB*--FC HU--STS LOC--AND SAYS NEEDS COPS TO LOC--FOR PD KICKING HER DOOR IN THE COPS ARE AT LOC--ANI-ALI-718 6796658 AT&T MOBILITY 2952 FENTON AVE N SECTOR COS:WPH2 LAT: 040.872306 LON:-073.841193 OPER 1021-CP18
0B D14A 1421 @*
12 D14A 1426 47SP4 10-85 1426 @*----W SGT
11 D14A 1426 47ST1 10-98 1506 @*
05 T91 1427 @DVEHBSQ*-------SEND SGT SPCT LWHITE
05 T91 1427 @N*
0B D14A 1428 @*
05 D14A 1446 @*---------UNIT GOING 2---SH---IN REGDS----D1271
13 D14A 1448 47H 10-98 1448 @*
14 D14A 1500 47ST1 @*
13 D14A 1506 47ST1 10-98 1506 @*
0B B02A 1507 @*
12 D14A 1621 47SP4 10-82 1621 @*1 UNDER AS OF 1615 HRS D2182
05 D14A 1622 @*ARREST BY DAYTOUR WHITE PLAINS AUTO D2182

13AUG09 1339 LIVE

ENCL. 17B

05 T18 1418 @DB*--FC [redacted]-STS LOC--AND SAYS NEEDS [redacted] TO LOC--FOR PD KICKING HER DOOR IN THE COPS ARE AT LOC--ANI-ALI-718 6796658 AT&T MOBILITY 2952 FENTON AVE N SECTOR COS:WPH2 LAT: 040.872306 LON:-073.841193 OPER 1021-CP18
0B D14A 1421 @*
12 D14A 1426 47SP4 10-85 1426 @*----W SGT
11 D14A 1426 47ST1 10-98 1506 @*
05 T91 1427 @DVEHBSQ*-------SEND SGT SPCT LWHITE
05 T91 1427 @N*
0B D14A 1428 @*
05 D14A 1446 @*---------UNIT GOING 2---SH---IN REGDS----D1271
13 D14A 1448 47H 10-98 1448 @*
14 D14A 1500 47ST1 @*
13 D14A 1506 47ST1 10-98 1506 @*
0B B02A 1507 @*
12 D14A 1621 47SP4 10-82 1621 @*1 UNDER AS OF 1615 HRS D2182
05 D14A 1622 @*ARREST BY DAYTOUR WHITE PLAINS AUTO D2182
0B B13A 1643 @*
13 D14A 1659 47SP4 10-92F 1659 @*

13AUG09 1339 LIVE

ENCL. 17C

Arrest

# New York City Police Department
## Omniform System - Arrests

**RECORD STATUS: NYSID ENTERD** | **Arrest ID: B09658418 - R**

**Arrest Location: INSIDE OF 3051 GUNTHER AVENUE APT: 1** | **Pct: 047**

**Arrest Date: 07-20-2009** Processing Type: ON LINE
**Time: 16:15:00** DCJS Fax Number: BO046523
Sector: D Special Event Code: -
DAT Number: 0
Stop And Frisk: NO Return Date: 0000-00-00
Serial #: 0000-000-00000

**COMPLAINTS:** Arrest #: B09658418

| COMPLAINT NUMBER | REPORT DATE | RECORD STATUS | OCCUR DATE | OCCUR TIME |
|---|---|---|---|---|
| 2009-047-06601 | 2009-07-20 | Valid, Initial Arrests made | 2009-07-20 | 09:30 |

**CHARGES:** Arrest #: B09658418

| CHARGE | ATTEMPT? | LAW CODE | CLASS | TYPE | COUNTS | DESCRIPTION |
|---|---|---|---|---|---|---|
| TOP | No | LOC000.00 AM | M | A | 1 | VIOL OF LOCAL LAW A MISD |
| #02 | No | PL 260.10 01 | M | A | 1 | ACT IN MANNER INJUR CHILD < 17 |

| DWI Arrest from: | # Injured: 00 | # Fatalities: 00 | Test Given: | B.A.C: | Reason Not Forfeit: |
|---|---|---|---|---|---|

**DETAILS:** Arrest #: B09658418

AT T/P/O C/V WAS INVOLVED IN A VERBAL DISPUTE WITH HER SISTER OVER A HEADBAND. DEFT TOLD C/V THAT SHE WOULD NOT LIKE IT IF WHEN SHE RETURNED TO THE HOME THE LOCKS WERE CHANGED AND SHE COULD NOT GET IN. SHE LATER TOLD C/V TO GET OUT OF HER HOUSE. C/V OBLIGED BY PACKING HER BELONGINGS AND LEAVING TO A FRIENDS HOUSE. WHEN C/V RETURNED BECAUSE SHE NOTICED THAT SHE WAS MISSING SOME PERSONAL ITEMS SHE WAS NOT ALLOWED BACK IN THE HOUSE. C/V CALLED 911, A/O TRIED TO REASON WITH DEFT WHO WAS CLEARLY IRRATE AT THE TIME TO LET HER SISTER BACK INTO THE APT AND LET HER REMOVE WHATEVER SHE HAD LEFT, DEFT BECAME ENRAGED USING PROFANITY AND STATED THAT SHE WAS NOT ALLOWING C/V IN OR A/O AND PARTNER. DEFT SLAMMED THE DOOR ON A/O ALMOST STRIKING A/O WITH DOOR. DEFT WOULD NOT ALLOW A/O ACCESS TO THE HOME REFUSING TO OPEN THE DOOR. A/ HAD NO OTHER ALTERNATIVE THEN TO BREAK ENTRY DOOR TO GAIN ACCESS TO DWELLING.

**DEFENDANT: AMPRATWUM, TASHENA** | NYSID #: 6624483K | Arrest #: B09658418

Nick/AKA/Maiden:
Sex: FEMALE
Race: BLACK
Age: 28
Date Of Birth: 09/30/1980
U.S. Citizen: YES
Place Of Birth: UNKNOWN
Need Interpreter: NO
Language:
Accent: NO
Physical Condition: APPARENTLY NORMAL
Drug Used: NONE

Height: 5FT 4IN
Weight: 200
Eye Color: BROWN
Hair Color: BROWN
Hair Length: SHORT
Hair Style: WIG
Skin Tone: DARK
Complexion: UNKNOWN
Soc.Security #:
Occupation: NONE
Lic/Permit Type:
Lic/Permit No:

Order Of Protection: NO
Issuing Court:
Docket #:
Expiration Date:
Relation to Victim: SISTER
Living together: YES
Can be Identified: YES

Gang Affiliation: NO
Name:
Identifiers:

| LOCATION | ADDRESS | CITY | STATE/CNTRY | ZIP | APT/ROOM | PCT |
|---|---|---|---|---|---|---|
| HOME-PERMANENT | 3051 GUNTHER AVENUE | BRONX | NEW YORK | 10469 | 1 | 047 |

Phone # and E-Mail Address: HOME: 347-449-7789

N.Y.C.H.A. Resident: NO N.Y.C. Housing Employee: NO On Duty: NO
Development: N.Y.C. Transit Employee: NO

Physical Force: NONE
Weapon Used/Possed: NONE
Non-Firearm Weapon:
Other Weapon Description:

Gun:
Make:
Color:
Caliber:
Type:
Discharged: NO

Used Transit System: NO
Station Entered:
Time Entered:
Metro Card Type:
Metro Card Used/Poses:
Card #:

| CRIME DATA | DETAILS |
|---|---|
| STATEMENTS MADE | TAKE HER OUT OF MY HOUSE I DON'T WANT HER HERE!!!! |
| METHOD OF FLIGHT | SLAMMED DOOR |
| MODUS OPERANDI | UNKNOWN |
| ACTIONS TOWARD VICTIM | UNK |
| CLOTHING | FOOTWEAR - SANDALS - WHITE |
| CLOTHING | ACCESSORIES - SWEAT / JOGGING CLOTHES - WHITE |

ENCL. 11A

| | |
|---|---|
| CLOTHING | OUTERWEAR - T-SHIRT OR TANK TOP - WHITE |
| CLOTHING | HEADGEAR - UNK - UNKNOWN COLOR |
| CHARACTERISTICS | UNKNOWN |
| BODY MARKS | -UNKNOWN |
| BODY MARKS | -UNKNOWN |
| IMPERSONATION | UNKNOWN |

**JUVENILE DATA:** Arrest #: B09658418

Juvenile Offender: Relative Notified: Personal Recog:
Number Of Priors: 0 Name:
School Attending: Phone Called:
Mother's Maiden Name: Time Notified:

**ASSOCIATED ARRESTS:** Arrest #: B09658418

ARREST ID COMPLAINT #

**DEFENDANTS CALLS:** Arrest #: B09658418

| CALL # | NUMBER DIALED | NAME CALLED | DATE | TIME |
|---|---|---|---|---|
| 1 | -- | REFUSED | 07/20/2009 | 18:19 |

**INVOICES:** Arrest #: B09658418

INVOICE# COMMAND PROPERTY TYPE VALUE

**ARRESTING OFFICER: POF DENISE ENMANUEL** Arrest #: B09658418

Tax Number: 938434 On Duty: YES
Other ID (non-NYPD): 938434 In Uniform: YES
Shield: 3832 Squad: B1
Department: NYPD Chart: 01
Command: 047 Primary Assignment:

**Force Used:** NO
Type:
Reason:
Officer Injured: NO

| | | | |
|---|---|---|---|
| Arresting Officer Name: POF ENMANUEL, DENISE | Tax #: 938434 | Command: 047 | Agency: NYPD |
| Supervisor Approving: SGT JIMENEZ PHILIP | Tax #: 896442 | Command: 047 | Agency: NYPD |
| Report Entered by: POF TURNAGE, TYWAN | Tax #: 939616 | Command: 047 | Agency: NYPD |

**END OF ARREST REPORT**
**B09658418**

Print this Report

ENCL. 1B

Complaint

# New York City Police Department
## Omniform System - Complaints

| Report Cmd: 047 | Jurisdiction: N.Y. POLICE DEPT | Record Status: Initial Arrests made | Complaint #: 2009-047-06601 |
|---|---|---|---|

**Occurrence Location:** INSIDE OF 3051 GUNTHER AVENUE APT: 1
Name Of Premise:
Premises Type: RESIDENCE - APT. HO
Location Within Premise: APARTMENT
Visible By Patrol?: NO

Precinct: 047
Sector: D
Beat:
Post:

**Occurrence From:** 2009-07-20 09:30 MONDAY
Occurrence thru: 2009-07-20 14:30
Reported: 2009-07-20 16:15
Complaint Received: RADIO

Aided # 000999999
Accident #
O.C.C.B. #

**Classification:** ENDAN WELFARE CHILD
Attempted/Completed: COMPLETED
Most Serious Offense Is: MISDEMEANOR
PD Code: 681 CHILD, ENDANGERING WELFARE
PL Section: 26010
Keycode: 233 SEX CRIMES

**Case Status:** CLOSED
Unit Referred To:
Clearance Code: PATROL
Log/Case #: 0
File #: 28
Prints Requested? NO

| Was The Victim's Personal Information Taken Or Possessed? YES | Was The Victim's Personal Information Used To Commit A Crime? YES |
|---|---|

| Gang Related? NO | Gang Intel Log #: | Name Of Gang: | Child Abuse Suspected? YES |
|---|---|---|---|
| DIR Required? YES | | Child In Common? NO | Intimate Relationship? NO |

**If Burglary:**
Forced Entry?
Structure:
Entry Method:
Entry Location:

**Alarm:**
Bypassed?
Comp Responded?:
Company Name/Phone:
Crime Prevention Survey Requested?:

**If Arson:**
Structure:
Occupied?:
Damage by:

| Supervisor On Scene - Rank / Name / Command : SGT JIMENEZ | Canvas Conducted: NO | Interpreter(If used): |
|---|---|---|

NARRATIVE:
AT T/P/O C/V WAS INVOLVED IN A VERBAL DISPUTE WITH HER SISTER OVER A HEADBAND. DEFT TOLD C/V THAT SHE WOULD NOT LIKE IT IF WHEN SHE RETURNED TO THE HOME THE LOCKS WERE CHANGED AND SHE COULD NOT GET IN. SHE LATER TOLD C/V TO GET OUT OF HER HOUSE. C/V OBLIGED BY PACKING HER BELONGINGS AND LEAVING TO A FRIENDS HOUSE. WHEN C/V RETURNED BECAUSE SHE NOTICED THAT SHE WAS MISSING SOME PERSONAL ITEMS SHE WAS NOT ALLOWED BACK IN THE HOUSE. C/V CALLED 911, A/O TRIED TO REASON WITH DEFT WHO WAS CLEARLY IRRATE AT THE TIME TO LET HER SISTER BACK INTO THE APT AND LET HER REMOVE WHATEVER SHE HAD LEFT, DEFT BECAME ENRAGED USING PROFANITY AND STATED THAT SHE WAS NOT ALLOWING C/V IN OR A/O AND PARTNER. DEFT SLAMMED THE DOOR ON A/O ALMOST STRIKING A/O WITH DOOR. DEFT WOULD NOT ALLOW A/O ACCESS TO THE HOME REFUSING TO OPEN THE DOOR. A/ HAD NO OTHER ALTERNATIVE THEN TO BREAK ENTRY DOOR TO GAIN ACCESS TO DWELLING.

**VICTIMS, REPORTERS, WITNESSES, SUSPECTS:** Complaint # 2009-047-06601

| | Name | Sex | Race | Age |
|---|---|---|---|---|
| VICTIM | VERNON,SHANTEL | FEMALE | BLACK | 16 |

**ARRESTS:** Complaint # 2009-047-06601

| Arrest ID | Status | Defendant Name | Sex | Race | AGE | Arrest Date |
|---|---|---|---|---|---|---|
| B09658418 | ACTIVE | AMPRATWUM, TASHENA | FEMALE | BLACK | 28 | 07/20/2009 |

ENCL. 13P

## NOTIFICATIONS / ADDITIONAL COPIES:

Complaint # 2009-047-06601

Notifications to:

| Rank/Title | Name | Unit/Agency | Log # |
|---|---|---|---|
| SGT | JIMENEZ | PATROL | |
| LT | KENNY | 047 | |
| MS | MARY ANN COMES | SCS | |

| Name | Tax #: | Command: | Rep.Agency: |
|---|---|---|---|
| Reporting/Investigating M.O.S. Name: POF ENMANUEL DENISE | 938434 | 047 PCT | NYPD |
| Supervisor Approving Name: SGT JIMENEZ PHILIP | 896442 | 047 PCT | NYPD |
| Complaint Report Entered By: POF TURNAGE | 939616 | 047 PCT | NYPD |
| Signoff Supervisor Name: SGT MENENDEZ | 920601 | 047 PCT | NYPD |

# END OF COMPLAINT REPORT
# # 2009-047-06601

Print this Report

ENCL. 13B

| Supervisor Sign-off: | Name | Rank | Tax ID | Date |
|---|---|---|---|---|
| | MELHORN , CHRISTINE | SGT | 906531 | 07/22/2009 |

**Search Results**

**OOP SEARCH RESULTS FOR: 2009-T47-TR4077**
BY TAXID: 923208 ON: 2009-07-21-20.37.00.697193 090721O800533X NYSP OINQ NYPA 2037 NO RECORD NYSPIN ORDER OF PROTECTION FILE NAM/AMPRATWUM,TASHENA SEX/F RAC/Z DOB/09301980 SEX/F RAC/Z DOB/09301980

**OOP SEARCH RESULTS FOR: 2009-T47-TR4077**
BY TAXID: 923208 ON: 2009-07-21-20.37.01.576964 090721O800533X NCIC OINQ NYPA 2037 NY03030P1 NO NCIC PROTECTION ORDER FILE RECORD NAM/AMPRATWUM,TASHENA D0B/19800930 RAC/ U SEX/F SEX/F

ENCL. 18C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX : CRIMINAL TERM : PART M-40

--------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK, Docket #2009BX047226

-against-

TASHENA AMPRATWUM, *Calendar Call*

Defendant(s)

--------------------------------------x

265 East 161st Street
Bronx, New York 10451
April 20, 2010

B E F O R E:

HONORABLE RAYMOND BRUCE,
Justice

A P P E A R A N C E S:

ROBERT T. JOHNSON, ESQ.
District Attorney, Bronx County
BY: KETURAH LADD, ESQ.
Assistant District Attorney

HOWARD LEVINE, ESQ.
For the defendant, TASHENA AMPRATWUM

**KIM M. JAMES**
**Senior Court Reporter**

(Whereupon, the following takes place on the record in open court, in the presence of the Court, assistant district attorney, defense counsel and defendant.)

COURT CLERK: Number five on the Part 40 calendar, lower court matter, Tashena Ampratwum.

MR. LEVINE: She was excused by the last judge on the last calendar day. I believe the People are going to dismiss the charges.

MS. LADD: That's correct. The People have an application to dismiss. The People have not had complaining witness contact, and we are unable to file a statement of readiness. Therefore, the People concede 30.30 time has expired.

MR. LEVINE: I ask that my client's record be sealed.

THE COURT: The People's application to dismiss is granted and sealed by operation of law.

MR. LEVINE: Thank you. Have a nice day.

(Continued on the next page.)

Proceedings

THE COURT: You're welcome.

*************************.

This is certified to be a true and accurate transcript of the stenographic notes.

KIM M. JAMES

Senior Court Reporter

# REQUEST FOR TRANSCRIPT/ ESTIMATE

TODAY'S DATE 01.19. 2011

YOUR NAME Tashena Ampratwum Ampratwum

TELEPHONE NO. 718-679-6658

COURT REPORTER James, Kim

CASE NAME Tashena Ampratwum 2009BX04722

DATE(S) OF PROCEEDING: 04/20/2010

PART NUMBER/JUDGE

40/C, Bruce

WHEN DO YOU NEED TO HAVE THIS TRANSCRIPT?

Date ASAP

Thank you.

$13.20

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, PART 1

----------------------------------------------------------x

In The Matter of

SHANTEL VERNON
ADRIANA AMPRATWUM
FATIMA FISHER

Children Under Eighteen Years of Age
Alleged to be Neglected by

TASHENA AMPRATWUM
ERIC FISHER

Respondents

----------------------------------------------------------x

**STIPULATION OF DISMISSAL**

Docket No: NN-18401/09
NN-18402/09
NN-18403/09

WHEREAS, the Petitioner withdrew petitions NN-18401-02/09 on August 13, 2010 and petitions NN-18401-02/09 were dismissed on such date;

WHEREAS, on the consent of all parties, the Court approved the voluntary placement agreement L-26636/10 and approved the withdrawal and dismissal of petition NN-19403/09 on October 21, 2010 but did not issue an order of dismissal for petition NN-19403/09;

NOW, THEREFORE, it is hereby stipulated and agreed by and among the parties, through their respective attorneys, that petition NN-18403/09 is hereby withdrawn and dismissed, effective as of October 21, 2010.

Bronx, New York
March 1, 2011

Gayle P. Roberts

Honorable Gayle Roberts

_______________________
Attorney for Respondent T. Ampratwum

_______________________
Attorney for Petitioner

_______________________
Attorney for Respondent E. Fisher

_______________________
Attorney for the Children



December 15, 2010

To Whom It May Concern:

Please be advised that all neglect charges filed against Ms. Tashena Ampratwum on July 20, 2009 were withdrawn by The Administration of Children's Services and dismissed without prejudice by the Honorary Gayle Roberts respectively on August 13, 2010 and October 21, 2010.

If you have any questions regarding the matter, kindly contact me at (718) 838-7883.

Sincerely,

Gigi N. Parris, Esq.

Gigi N. Parris, Esq.

The Bronx Defenders
860 Courtlandt Avenue
Bronx, NY 10451

t: 718.838.7878
f: 718.665.0100
e: info@bronxdefenders.org
w: bronxdefenders.org

Through the dedication of our lawyers, social workers, investigators, and support staff, The Bronx Defenders have transformed the role of the public defender by changing the nature of the attorney-client relationship, investing in the communities where our clients live, and striving to create justice for the people we serve.



**POLICE DEPARTMENT**
**LEGAL BUREAU**
F.O.I.L. Unit, Room 110C
One Police Plaza
New York, NY 10038

12/15/2010

Tashena Ampratwum
3051 Gunther
Bronx NY 10469

File # 2010-PL-6328
Your File #

Dear Sir or Madam:

This is in response to your letter dated 12/10/2010 that was received by this office on 12/10/2010 in which you requested access to certain records under the New York State Freedom of Information Law (FOIL).

As a preliminary matter, it appears that some of the records you have requested may be in the possession of this department and, if so, may be disclosable under FOIL. However, before you can be granted access to specific records or portions thereof that are responsive to your request, a search for such records must be conducted. If records responsive to your request are located, such records must be reviewed to assess the applicability of any particular exemptions from disclosure set forth in FOIL.

Due to the large volume of pending FOIL requests, which are processed in the order in which they are received, and due to the fact that NYPD records are kept in many offices located in five counties, it is anticipated that your request will require more than twenty days. It is anticipated that a determination will be reached on 4/10/2011.

This is not a denial of the records you requested. Should your request be denied in whole or in part after review by this unit, you will then be advised in writing of the reason for denial, if any, and the name of the Records Access Appeals Officer.

Please be further advised that Investigator Campbell has been assigned to handle this request, and any further inquiries or correspondence should be addressed to his/her attention.

Sincerely,

James Russo

James Russo
Sergeant



POLICE DEPARTMENT
LEGAL BUREAU
F.O.I.L. Unit, Room 110C
One Police Plaza
New York, NY 10038

5/13/2011

Tashena Ampratwum
3051 Gunther
Bronx NY 10469

File # 2010-PL-6328
Your File #

Dear Sir or Madam:

This is in response to your letter dated 12/10/2010 in which you requested access to certain records under the New York State Freedom of Information Law (FOIL).

The following captions, if checked, pertain to your request:

☑ Responsive to your request, the following document(s) have been accessed and photocopied:

copy of arrest report

☐ Redactions have been made to the document(s) in that release of the information would represent an unwarranted invasion of personal privacy {§ 87.2 (b)}.

☐ Redactions have been made to the document(s) in that release of the information would endanger the life and safety of any person.

☐ Redactions have been made to the document(s) in that release of the information would reveal non-routine investigative techniques.

☐ Redactions have been made to the document(s) in that release of the information does not represent final agency determination.

☐ Redactions have been made to the document(s) in that release of the information would identify a confidential source/confidential information.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: PART 35
-------------------------------------------------------X
Tashena Ampratwum,

Plaintiff,

-against-

City of New York, Corporation Counsel,

Defendant.
-------------------------------------------------------X

DECISION and ORDER
Index No 68081/10

Recitation of the papers considered in reviewing the underlying motion for summary judgment as required by CPLR § 2219(a):

Notice of Motion and annexed Exhibits and Affidavits............................................1
Affirmation in Opposition and annexed Exhibits.......................................................2
Reply Affirmation.....................................................................................................3

Plaintiff Ampratwum, a self-represented litigant, commenced the underlying action against the defendant for property damages in the amount of $25,000, the defendant's failure to return her property, false arrest and emotional distress. Defendant City of New York Corporation Counsel ("Corp Counsel") moves to dismiss the plaintiff's claim pursuant to CPLR § 3211 and alternatively seeks summary judgment pursuant to CPLR § 3212.

In support of its motion, the defendants proffer the plaintiff's notices of claim, a Civilian Complaint Review Board ("CCRB") investigation file and the plaintiff's certificate of disposition pertaining to her 7/20/09 arrest.

Defendant Corp Counsel alleges that Ms. Shantel Vernon, the plaintiff's 16 year old sister, contacted the New York City Police Department ("NYPD") on 7/20/09 at approximately 9:30AM. Ms. Vernon reported that the plaintiff barred re-entry into their shared apartment to retrieve the remainder of her belongings. Ms. Vernon left and returned to the apartment with Police Officers

Vargas and Emmanuel. The officers knocked on the apartment door. The plaintiff opened the door and, after engaging the officers, refused entry and closed the door. The officers claim that their only recourse was to break down the door to gain access to the apartment. The plaintiff was subsequently arrested. On 7/21/09, Ms. Vernon signed a complaint charging the plaintiff with endangering the welfare of a child, unlawful eviction and harassment in the second degree. On 7/22/09, the plaintiff filed a complaint with the CCRB claiming that Officer Emmanuel spoke obscenely and rudely to her and damaged her property. The CCRB conducted an investigation, found the plaintiff's allegations unsubstantiated and exonerated the officer in March 2010. On 4/20/10, the plaintiff's CCRB charges were dismissed.

In opposition to the defendant's motion, plaintiff Ampratwum proffers her affirmation and the affidavits of her fiancé, Eric Fisher, and her friend, Jamell Reimonenq. The plaintiff claims that she is the legal guardian of her 16 year old sister, Ms. Vernon, who has resided with her at 3051 Gunther Avenue, Bronx, New York for two years. On 7/20/09, the plaintiff and Ms. Vernon argued in the apartment. Ms. Vernon packed her belongings and left for a friend's house. A few moments later, Ms. Vernon returned to retrieve additional items. The plaintiff concedes that she refused to release her belongings. The plaintiff informed Ms. Vernon that she reported her behavior to the ACS worker, Ms. Robinson, and was going to the police station to file ACS charges against her. Ms. Vernon allegedly began kicking and banging the plaintiff's door, threatened the plaintiff and threatened to burn down the apartment. After the plaintiff refused her re-entry into the apartment, Ms. Vernon called the police. Ms. Vernon returned to the apartment escorted by two female police officers. The plaintiff explained the situation to the officers. They stated that they needed to come inside to collect Ms. Vernon's underwear and toothbrush. The plaintiff states that she informed the officers that Ms. Vernon was a minor who was under her care. The plaintiff acknowledges that she

refused the officers entry, closed and locked her door. The plaintiff claims that the officer banged her door before kicking it in. The plaintiff called 911 and additional officers arrived. After the plaintiff explained to the other officers what occurred, they brought Ms. Vernon to the police station. The plaintiff contacted the ACS worker who advised her to file charges against her sister and the officer who kicked in her door. The plaintiff and Mr. Fisher, her fiance, went to the precinct and informed a Lieutenant Kenny that she wanted to file charges against her sister and the officer. After two hours, Lieutenant Kenny returned and arrested the plaintiff on child endangerment charges. The plaintiff was released on 7/21/09, the following night.

The affidavits of Mr. Fisher and Mr. Reimonenq support the plaintiff's statement.

DISCUSSION

Defendant Corp Counsel seeks dismissal of the plaintiff's claim and alternatively seeks summary judgment on the ground that it had probable cause to arrest the plaintiff. Summary judgment is a drastic remedy that deprives the litigant of his or her day in court and should only be employed when no genuine issues of fact exist. (*Alvarez v Prospect Hospital*, 68 NY 2d 320 [1986]; *Martin v Briggs*, 235 AD2d 192 [1st Dept 1997].) Where there is no real dispute as to the facts or the proper inferences to be drawn from such facts, the issue of probable cause is a question of law to be decided by the court. (*Brown v Sears Roebuck and Co.*, 297 AD2d 205 [1st Dept 2002] citing *Parkins v Cornell Univ., Inc.*, 78 NYS2d 277 [1991].) If conflicting inferences can be drawn, it is a question of fact for the jury.

The facts provided by the defendant regarding the plaintiff's arrest are incomplete. The defendant omits the plaintiff's time and location of arrest. The plaintiff claims she was arrested at the precinct when she attempted to file complaints against her sister and the police officer. The plaintiff was instead charged with endangering the welfare of a child, unlawful eviction and

harassment. The plaintiff was not arrested at her apartment at the time of the incident even though she refused entry, slammed the door and almost struck an officer.

The plaintiff seeks property damages for her door because it was allegedly knocked down by the officer(s). A warrantless entry is not deemed a violation when a party voluntarily consents to the officer's entry (*People v Taylor*, 23 AD3d 307 [1st Dept 2005]) or under exigent circumstances. (*People v McBride*, 59 Ad3d 151 [1st Dept 2009].) The complaint submitted by the defendant states that the "A/o (arresting officer) had no other alternative then to break entry door to gain access to dwelling." It is undisputed that the plaintiff did not consent to the officer's entry and the defendant fails to explain the exigent circumstances under which entry to the apartment could not be delayed.

CONCLUSION

Triable issues of fact exist and conflicting inferences can be drawn from the facts provided. The defendant's motion to dismiss or for summary judgment is accordingly denied.

This constitutes the Decision and Order of the Court.

Date: April 5, 2011

So ordered,

Hon. Lizbeth González, JCC



CIVILIAN COMPLAINT REVIEW BOARD
40 RECTOR STREET, 2ND FLOOR
NEW YORK, NEW YORK 10006 ♦ TELEPHONE (212) 442-8833
www.nyc.gov/ccrb

MICHAEL R. BLOOMBERG
MAYOR

JOAN M. THOMPSON
EXECUTIVE DIRECTOR

June 9, 2011

Tashena Ampratwum
3051 Gunther Avenue 1st Fl.
Bronx, NY 10469

Re: CCRB case number 200911498

Dear Ms. Ampratwum :

I am writing to inform you of the outcome of your request that the Civilian Complaint Review Board reopen the investigation into the above-referenced complaint. Under its published rules, the Civilian Complaint Review Board has the discretion to reopen a case when, within 18 months of the Board's closure of the case, either: 1) new evidence is obtained or 2) a previously unavailable or uncooperative party becomes available, and such new evidence or newly available party may reasonably lead to a finding or conclusion different than that previously reached by the Board.

After careful consideration of your request, the Board has decided that it will not reopen your case.

If you have any further questions about this matter, please call me at (212) 676-8591.

Sincerely,

Graham Daw
Agency Counsel

ROBERT R. REED

**Civil Court of the City of New York**
County of Bronx
Part 34

Index Number CV-068081/10
Motion Cal. # ______ Motion Seq. # ______

Tashena Ampratwum

Claimant(s)/Plaintiff(s)/Petitioner(s)
*against*

City of New York, Corporation Counsel

Defendant(s)/Respondent(s)

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed | 1-2 |
| Order to Show Cause and Affidavits Annexed | |
| Answering Affidavits | 3 |
| Replying Affidavits | 4 |
| Exhibits | |
| Other | |

Upon the foregoing cited papers, the Decision/Order on this Motion Seeking Sanctions Against Police Defendants and Defendants' Attorney Rachel Kish, Esq. is as follows:

Plaintiff's motion is DENIED -- as plaintiff fails to articulate any basis for imposing sanctions. Plaintiff, essentially, asks this Court to impose sanctions because of her unhappiness with, or interpretation of, certain New York City Police Department records that defense counsel attached to the defendants' motion for summary judgment. This is simply not a cognizable basis for sanctions. Judiciary Law Section 753 would not support the imposition of sanctions in these circumstances. See Matter of McCormack v. Axelrod, 59 NY2d 574, 582-583, 466 NYS2d 273 amended 60 NY2d 652, 467 NYS2d 571 (1983 )(a party may be held in civil contempt where it is shown with reasonable certainty that the party's disobedience of a lawful order clearly expressing an unequivocal mandate impeded, impaired, or prejudiced a right or remedy of another party to the action). Neither would CPLR 3126 (providing for sanctions for refusal to comply with order or to disclose information that should have been disclosed).

This constitutes the Decision and Order of this Court

9/8/11
Date

Judge, Civil Court

ROBERT R. REED
JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tashena Amprawum; Eric Fisher
Fatima Fisher RaheemFisher Plaintiffs

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

11 Civ. 6111 ( )( )

- against -

**AFFIRMATION OF SERVICE**

City of New York; NYPD Agency; LAW Department Rachael Kish-Esq
CCRB Agency's Graham DAW-Esq; Lt. Kenny; Sgt Philip Jimenez;
Bronx County's Judge Robert Reed; P.O. Denise Emanuel; P.O. furnage
Sgt. Christine MelHorn; Sgt. Menendez.

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Eric Fisher *(name)*, **declare under penalty of perjury** that I have

served a copy of the attached AMENDED Complaint *(document you are serving)*

upon Attorney General office *(name of person served)* (Judge Robert Reed) whose address is 120 broadway 24th Fl. *(where you served document)*

by Personal delivery *(how you served document: For example - personal delivery, mail, overnight express, etc.)*.

Dated: N.Y. *(town/city)*, N.Y *(state)*

10 *(month)* 17 *(day)*, 2011 *(year)*

Eric K. Fisher
*Signature*

40 W 115 St
*Address*

N.Y N.Y
*City, State*

10026
*Zip Code*

718 679 6659
*Telephone Number*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tashena Ampratwum; Eric Fisher
Fatima Fisher Raheem Fisher Plaintiffs

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

11 **Civ.** 6111 ( ) ( )

**- against -**

**AFFIRMATION OF SERVICE**

City of New York; NYPD Agency; CCRB Agency's Graham Daw-Esq; Bronx County Judge Robert Reed; Law Department Rachael Kish-Esq; Lt. Kenny; Sgt. Philip Jimenez; Sgt. Christine Mel Horn; Sgt Menendez; P.O. Denise Emanuel; P.O. Tornage.

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Eric Fisher *(name)*, **declare under penalty of perjury that I have**

**served a copy of the attached** ~~N.Y.C. Law Department~~ Amended Complaint *(document you are serving)*

**upon** City of New York Law Department *(name of person served)* (For All other defendants) **whose address is** 100 Church st 4th Fl. *(where you served document)*

**by** Personal delivery *(how you served document: For example - personal delivery, mail, overnight express, etc.)*.

**Dated:** N.Y *(town/city)*, N.Y *(state)*
10 *(month)* 17 (day), 2011 (year)

Eric K. Fisher
*Signature*

40 W 115 st
*Address*

N.Y N.Y.
*City, State*

10026
*Zip Code*

718 679 6659
*Telephone Number*