```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
TASHENA AMPRATWUM, et al.,               :
                      Plaintiffs,        :
                                         :    11 Civ. 6111 (DLC)
          -v-                            :
                                         :    MEMORANDUM OPINION
CITY OF NEW YORK, et al.,                :         AND ORDER
                      Defendants.        :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

By Order of October 19, 2011, the claims against the New York Police Department (the "NYPD"), Judge Robert Reeds, and Graham Daw were dismissed, and the claims brought on behalf of the minor children Fatima Fisher and Raheem Fisher were dismissed unless an attorney filed a notice of appearance on behalf of them by November 28, 2011.  On November 22, 2011, the plaintiffs filed the following motions:

- "Motion to Restore NYPD's Agency";
- "Motion to Restore Judge Robert Reed";
- "Motion to Restore CCRB Agency's Graham Daw-Esq"; and
- "Motion to Restore Defendant Melhorn; Defendant Jimenez; Defendant Menendez; & Defendant Turnage."

The plaintiffs also filed an application for appointment of counsel on behalf of plaintiffs Fatima Fisher and Raheem Fisher on November 23, 2011.

The claims against defendants Melhorn, Jimenez, Menendez, and Turnage have not been dismissed.  Plaintiffs' other motions of November 22, 2011 are construed as motions for

reconsideration.  The standard for reconsideration is strict. "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

In determining whether to grant an application for counsel, the Court must consider

> the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel.

Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).  As a threshold matter, in order to qualify for appointment of counsel plaintiff must demonstrate that his claim has substance or a likelihood of success.  See Hodge v. Police Officers, 802 F.2d 58, 60-61 (2d Cir. 1986).  In addition, in reviewing a request for appointment of counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity, and thus, should not grant appointment of counsel indiscriminately.  Cooper, 877 F.2d at 172.

Plaintiffs' motions for reconsideration do not meet the exacting standard articulated above.  In addition, no attorney has filed a notice of appearance on behalf of plaintiffs Fatima Fisher and Raheem Fisher, and they have not demonstrated sufficient chances of success to warrant the appointment of pro bono counsel.  Accordingly, it is hereby

ORDERED that plaintiffs' "Motion to Restore NYPD's Agency," "Motion to Restore Judge Robert Reed," and "Motion to Restore CCRB Agency's Graham Daw-Esq" are denied.

IT IS FURTHER ORDERED that the "Motion to Restore Defendant Melhorn; Defendant Jimenez; Defendant Menendez; & Defendant Turnage" is denied as moot.

IT IS FURTHER ORDERED that plaintiffs' November 23, 2011 application for the appointment of counsel is denied.

IT IS FURTHER ORDERED that claims brought on behalf of Fatima Fisher and Raheem Fisher are dismissed.

SO ORDERED:

Dated:   New York, New York
         November 29, 2011

_____
DENISE COTE
United States District Judge

3

COPIES MAILED TO:

Tashena Ampratwum
3051 Gunther Avenue
Bronx, NY 10469

Eric Fisher
40 West 115 Street, #12A
New York, NY 10026