```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TASHENA AMPRATWUM and ERIC FISHER,      :
                                        :
                    Plaintiffs,         :    11 Civ. 6111 (DLC)
                                        :
      -v-                               :    MEMORANDUM OPINION
                                        :         and ORDER
CITY OF NEW YORK, et al.,               :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

    Plaintiffs Tashena Ampratwum ("Ampratwum") and Eric Fisher ("Fisher") bring this pro se action alleging that the defendants broke into Ampratwum's home, arrested her, falsified police records, and initiated judicial proceedings against plaintiffs in violation of their constitutional rights.  By Order dated October 19, 2011, this Court in relevant part advised plaintiffs that all claims brought on behalf of minor children Fatima Fisher and Raheem Fisher ("F.F." and "R.F.", respectively) would be dismissed unless an attorney filed a notice of appearance on their behalf by November 28 (the "October 19 Order").  On November 29, no notice of appearance having been filed, the Court dismissed all claims brought on behalf of F.F. and R.F. as plaintiffs.  By Order dated December 19, 2011, the Court inter alia confirmed that F.F. and R.F. were no longer plaintiffs in

this action (the "December 19 Order").  On March 15, 2013, plaintiffs moved for reconsideration of the October 19 Order and December 19 Order, seeking to reinstate F.F. and R.F. as plaintiffs in light of an affidavit submitted by non-party ACS case worker Nataki Robinson ("Robinson") on January 2, 2013 in connection with the parties' summary judgment motions.

Plaintiffs' motion must be dismissed as untimely and without merit.  Southern District of New York Local Civil Rule 6.3 requires that any motion for reconsideration or reargument be filed within fourteen days after the entry of the Court's determination of the original motion; plaintiffs' motion was filed over a year after the Court rendered the Orders at issue. Even liberally construed as a motion for reconsideration under to Rule 60(b)(2), Fed. R. Civ. P., plaintiffs' motion would still be untimely.[1]  A motion under Rule 60(b)(2) "must be made within a reasonable time" and "no more than a year after the entry of the . . . order" at issue.  Rule 60(c)(1), Fed. R. Civ. P.

In any event, plaintiffs' motion is also without merit. The standard for reconsideration is strict.  A motion for reconsideration will generally be denied unless "the moving party can point to controlling decisions or data that the court

---

[1] Rule 60(b)(2), Fed. R. Civ. P., allows parties to move for reconsideration based on "newly discovered evidence."

2

overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted). The decision to grant or deny the motion is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Plaintiffs do not meet this exacting standard.  They principally argue that Robinson's affidavit reveals that she and non-party ACS case worker Michelle Campbell initiated neglect proceedings in Bronx County Family Court against the plaintiffs with the intent to conceal defendant police officers' misconduct, and that they concealed information regarding Ampratwum's legal guardian status.  Plaintiffs do not articulate how these actions by non-parties relate to reinstating F.F. and R.F. as plaintiffs, nor do they articulate any other grounds to justify restoring F.F. and R.F. to the action.  Instead, the plaintiffs merely repeat arguments that have already been presented to the Court in connection with the parties' January 2, 4, and 8, 2013 motions for summary judgment.

Insofar as plaintiffs' motion also asks the Court to reconsider Magistrate Judge Freeman's December 14, 2011 Order denying plaintiffs' motion to file a third amended complaint, it is denied.  The request is untimely under Local Civil Rule 6.3

and, being wholly unsupported, is without merit.  Accordingly, it is hereby

ORDERED that plaintiffs' March 15, 2013 motion for reconsideration is denied.

SO ORDERED:

Dated:    New York, New York
          April 15, 2013

_____
DENISE COTE
United States District Judge

COPIES MAILED TO:

Tashena Ampratwum
3051 Gunther Avenue
Bronx, NY 10469

Eric Fisher
1173 East 229 St Drive North, (3A)
Bronx, NY, 10466